UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THEODORE MATHIS                                                      CIVIL ACTION

VERSUS                                                               NO. 02-1695

BURL CAIN, WARDEN                                                    SECTION "K"

ORDER AND OPINION

Before the Court is petitioner Theodore Mathis's motion under Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief. Accordingly, the motion is DENIED.

I.   BACKGROUND

Mathis, who is currently serving a life sentence in Louisiana state prison, has been incarcerated since 1998. His convictions became final on January 7, 2000. *State v. Mathis*, 752 So.2d 176 (La. 2000). Ninety days later, on April 7, 2000, the clock on the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period began to run. *See* 28 U.S.C. § 2244(d)(1)(A). Had Mathis filed an application for post-conviction review (PCR) in state court prior to April 7, 2001, the AEDPA clock would have stopped for the pendency of his petition. *See* 28 U.S.C. § 2244(d)(2). But Mathis did not file his PCR until June 6, 2001, nearly two months after the limitations period had passed. *See* Doc. 6 at 3. After exhausting his state court remedies, Mathis filed a federal habeas petition on May 10, 2002. Doc. 1. This Court adopted the Magistrate Judge's Report and Recommendation and denied Mathis's petition as untimely. Docs. 6, 8. Now, more than nine years later, Mathis asks the Court to consider removing that time bar

1

in light of the Supreme Court's ruling in *Holland v. Florida*, ---- U.S. ----, 130 S. Ct. 2549 (2010).

## II.     LAW AND ANALYSIS

As an initial matter, the Court must determine whether Mathis may bring his Rule 60(b) motion. Rule 60(b)'s catch-all provision, which Mathis invokes here, permits a court to provide relief from a judgment under "any other reason that justifies" doing so. Fed. R. Civ. P. 60b(6). Rule 60(b) does not, however, afford federal habeas corpus petitioners a second bite at the apple. That is, Rule 60(b) may not be used to attack a prior merits-based ruling. *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). By contrast, "where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute-of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge." *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005)). Because Mathis challenges the prior dismissal of his habeas petition as time-barred, his Rule 60(b) motion may proceed.

To secure relief under Rule60(b)(6), a petitioner must demonstrate the existence of "extraordinary circumstances." *Id*. at 428. Although Mathis does not specifically argue that any extraordinary circumstances exist, the Court must construe liberally the pleadings of *pro se* petitioners. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Mathis's equitable tolling argument relies almost exclusively on the standard recently adopted by the Supreme Court in *Holland*. Doc. 16 at 4-5. The Court will therefore treat his motion as asserting that *Holland*'s change in the law is an extraordinary circumstance sufficient to warrant Rule 60(b)(6) relief.

However, it is well-settled that "'[a] change in decisional law after entry of judgment

does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment' under Rule 60(b)(6)." *Hernandez*, 630 F.3d at 430 (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)). Both the Supreme Court and the Fifth Circuit have recognized that the same principle applies to changes in the interpretation of the AEDPA limitations period. *See Gonzalez*, 545 U.S. at 532 ("[N]ot every interpretation of the [AEDPA] provides cause for reopening cases long since final."); *Hernandez*, 630 F.3d at 430 ("This rule applies with equal force in habeas proceedings under AEDPA."). Moreover, in response to the precise argument put forth by Mathis, it has been held that "[*Gonzalez* and *Hernandez*] effectively foreclose[] Petitioner's argument that the change in the law effectuated by *Holland* is a sufficiently extraordinary occurrence to warrant relief" under Rule 60(b)(6). *Whitley v. Cain*, 2012 WL 397822, at *3 (E.D. La. 2012) (Barbier, J.).

The Fifth Circuit's order rejecting Mathis's request for a certificate of appealability, *see* Doc. 15, is evidence that this Court's denial of his habeas petition was correct under the prevailing law at the time. *Whitley*, 2012 WL 397822 at *3. Accordingly, Mathis is not entitled to Rule 60(b)(6) relief.

However, assuming, *arguendo*, that *Holland*'s change in the law was sufficient to warrant Rule 60(b)(6) relief, Mathis would still fall short of satisfying the requirements for equitable tolling. In *Holland*, the Supreme Court held that equitable tolling is available only when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even if the Court accepts that Mathis's attorney, Arcenious F. Armond, Jr., effectively abandoned him, Mathis has not shown a

causal link between that extraordinary circumstance and his failure to file on time.[1] Likewise, Mathis has not demonstrated that he diligently pursued his rights.[2]

In *Holland*, the petitioner diligently researched the AEDPA's rules and informed his attorney of the proper filing date. 130 S. Ct. at 2564. After communication broke down, he asked the state several times to dismiss his attorney—"the central impediment to the pursuit of his legal remedy"—only to have those requests denied. *Id*. at 2565. And the very same day the petitioner learned that the AEDPA clock had expired, he prepared and filed his own federal habeas petition. *Id*.

The circumstances of Mathis's case are markedly different. The record indicates that by December 2000, four months before the AEDPA deadline, Mathis had developed serious concerns about Armond's willingness to provide representation. *See* Doc 7 and attached exhibits. At that point, a reasonably diligent petitioner would have sought new counsel or filed a petition himself to preserve his rights. Yet Mathis made no attempt to rid himself of Armond, who,

---

[1] The need to show a causal link is implicit in the requirement that the extraordinary circumstance prevented the petitioner from timely filing. This District Court and another in the Fifth Circuit, along with several Courts of Appeals, have explicitly recognized a causation element in the standard for equitable tolling. *See Zapata v. Cain*, 614 F. Supp. 2d 714, 716 (E.D. La. 2007); *Wessinger v. Cain*, 358 F. Supp. 2d 523, 527 (M.D. La. 2005); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

[2] The Second Circuit recently observed that there "is some overlap between the causation and diligence requirements of equitable tolling: 'If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.'" *Harper*, 648 F.3d at 138 n.5 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

unlike the attorney in *Holland*, was not state-appointed. Additionally, despite learning that his conviction became final with eight months left on the AEDPA clock, Mathis did not file his state PCR until two months after the deadline had passed. Then, when the Louisiana Supreme Court denied his PCR and the AEDPA clock would have, if tolled, started running again, Mathis waited another two weeks before filing in federal court.

Mathis makes no attempt to explain these delays. Moreover, none of Mathis's communications with Armond prior to the April 2001 deadline mention the possibility of having Armond file a federal habeas petition. This suggests that Mathis and Armond were equally oblivious to the AEDPA's limitations period, and that Armond's misconduct, however egregious, was not the only factor that prevented Mathis from filing on time.

In sum, Mathis falls short of satisfying both prongs of the *Holland* standard. He has not shown that he acted with reasonable diligence in pursuing his rights, or that an extraordinary circumstance stood in his way and prevented timely filing. Therefore, even if Mathis was entitled to Rule 60(b)(6) relief, equitable tolling would not be appropriate.

### III. CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

New Orleans, Louisiana, this 1st day of March, 2012

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE